IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

AUG 2 1 2008

William B. Guthrie
Clerk, U.S. District Court

By_____ Deputy Clerk

| | |
|---|---|
| JOSEPH DALE WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 07-340-RAW-SPS |
| ) | |
| HARVEY BURKHART, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the court on Defendants Southerland's and Burkhart's motions to dismiss or for summary judgment. The court has before it for consideration plaintiff's amended complaint and the pending motions. Plaintiff has not responded to the motions.

Plaintiff alleges in his amended complaint [Docket #6] that he contracted tuberculosis while incarcerated in the Carter County Detention Center in December 2005. He subsequently was in custody in the State of Texas, where he tested positive for TB and was placed on a nine-month cycle of medications, with strict instructions not to miss a single dose. On July 6, 2007, less than six months into his cycle of medications, plaintiff was paroled in Texas and returned to the Carter County Detention Center. He asserts, despite his repeated requests, he did not receive his medications in the detention center or even speak with anyone from the health department, resulting in irreparable damage to his liver and possibly other major organs. The defendants are Carter County Sheriff Harvey Burkhart, Carter County Detention Center Nurse Kim Miller, and Carter County Health Department

Nurse Jacci Southerland.[1]

**Defendant Jacci Southerland**

Defendant Jacci Southerland has moved the court for dismissal of this action or in the alternative for summary judgment [Docket #27]. Having moved for summary judgment in her favor, Defendant Southerland is required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Her initial burden is to show the absence of evidence to support plaintiff's case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). She must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id*. Defendant Southerland need not negate plaintiff's claim or disprove his evidence; rather, her burden is to show there is no evidence in the record to support plaintiff's claim. *Id*. at 325. Plaintiff, as the nonmoving party, must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Defendant Southerland alleges she is a registered nurse employed by the Oklahoma State Department of Health who works at the Carter County Health Department. She asserts

---

[1] To the extent Defendant Southerland is sued in her official capacity as an official of the Oklahoma State Department of Health, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in her official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

plaintiff has failed to show she was personally involved in or responsible for provision of his medical care. She states by affidavit that an employee of the Carter County Detention Center contacted her regarding plaintiff's treatment, and she learned that plaintiff had been released from Texas without a prescription or medical orders related to his treatment. Southerland called the Texas facility and requested plaintiff's medical records as soon as possible. She received copies of another Texas inmate's medical records on August 16, 2007, so she had to make a second request to the Texas prison. She received plaintiff's records on September 27, 2007, and physician's orders were received on October 30, 2007. To the best of Defendant Southerland's knowledge, plaintiff promptly received his medication.

Southerland maintains she is not authorized to provide medication to individuals without a physician's prescription. Any action on her part regarding plaintiff was taken to assist him in obtaining treatment, and she took the steps within her authority to assist him in obtaining his medication as soon as possible. She maintains the provision of medical treatment for prison and jail inmates is the responsibility of the prison or jail.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). An official is not individually liable, unless an affirmative link exists between that official's personal conduct and the alleged constitutional deprivation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Here, the court finds plaintiff has failed to establish that Defendant Southerland was personally involved in, or was responsible for, the actual provision of plaintiff's medical care. Under Oklahoma law, neither the Oklahoma Department of Health nor any employee of that agency is responsible for the

3

actual care of inmates in county jails. Instead, the sheriff has charge of the county jail and its prisoners, and the sheriff is required to conform to the applicable jail standards. *See* Okla. Stat. tit. 19, § 513; Okla. Stat. tit. 57, §§ 47, 52. *See also Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein.").

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Even under this liberal, construction, however, the court finds plaintiff has failed to show there is genuine issue for trial, pursuant to Fed. R. Civ. P. 56(e). Defendant Jacci Southerland's motion for summary judgment is granted.

## Defendant Sheriff Harvey Burkhart

Defendant Kim Miller has filed a motion to dismiss Defendant Sheriff Harvey Burkhart [Docket #28]. The record shows that on January 4, 2008, counsel for Defendants Harvey Burkhart and Miller filed a suggestion of death on the record of Defendant Burkhart, alleging Defendant Sheriff Burkhart had died during the pendency of this action [Docket #25]. Pursuant to Fed. R. Civ. P. Rule 25(a)(1), if no motion is made to substitute a proper party after the death of a party whose death does not extinguish the claims, "[t]he action by or against the decedent must be dismissed." Because plaintiff has not moved to substitute a successor or representative of Sheriff Burkhart, dismissal of Sheriff Burkhart in his individual capacity is required under Rule 25(a)(1). Pursuant to Fed. R. Civ. P. 25(d), Sheriff Burkhart's successor is substituted for Sheriff Burkhart in his official capacity.

**ACCORDINGLY,** Defendant Jacci Southerland's motion for summary judgment

4

[Docket #27] and Defendant Kim Miller's motion to dismiss Defendant Sheriff Harvey Burkhart in his individual capacity are GRANTED. Defendant Sheriff Harvey Burkhart's successor is substituted for Sheriff Burkhart in his official capacity, and the successor is directed to notify the court of his identity within ten (10) days.

**IT IS SO ORDERED** this 21st day of August 2008.

*Ronald A. White*
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**